**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **AMMAR ATALLAH SALAH BARHAM-CHAVEZ** | **CASE NO. 1:26-CV-907-P** |
| **VERSUS** | **JUDGE S. MAURICE HICKS, JR.** |
| **WARDEN, ET AL.** | **MAGISTRATE JUDGE DAVID J. AYO** |

**REPORT AND RECOMMENDATION**

Before the Court is a PETITION FOR WRIT OF HABEAS CORPUS under 28 U.S.C. § 2241 [Docs. 1 and 5] filed by *pro se* Petitioner Ammar Atallah Salah Barham-Chavez ("Barham-Chavez"). At the time of filing, Barham-Chavez was an immigration detainee challenging the legality of his continued detention without bond.

Because Barham-Chavez has voluntarily deported the United States, the PETITION [Docs. 1 and 5] should be DISMISSED WITHOUT PREJUDICE.

## I. Background

Barham-Chavez is a native and citizen of Columbia. Respondents indicate that Barham-Chavez voluntarily departed the United States on May 20, 2026. [Docs. 12 at 2 and 12-2 at 2].

## II. Law and Analysis

Article III of the Constitution limits the judicial power of the United States to the resolution of "Cases" and "Controversies." *Hein v. Freedom From Religion Found., Inc.*, 551 U.S. 587, 597 (2007) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006) (internal quotations and citations omitted)). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* Therefore, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.*

Because Barham-Chavez is no longer detained, the § 2241 claim is moot. See *Morales-Morales v. Barr*, 933 F.3d 456, 462 (5th Cir. 2019) ("Because Morales-Morales is no longer detained and has already been deported, her challenge to her detention is moot."); *Diaz v. NFN NLN*, 2022 WL 1096579, at *1 (N.D. Tex. Mar. 25, 2022), *report and recommendation adopted*, 2022 WL 1092944 (N.D. Tex. Apr. 12, 2022) (petitioner's removal to Mexico rendered his petition moot). If a controversy is moot, the court lacks subject matter jurisdiction. *Carr v. Saucier*, 582 F.2d 14, 16 (5th Cir. 1978) (citing *North Carolina v. Rice*, 404 U.S. 244, 246 (1971); *Locke v. Board of Public Instruction*, 499 F.2d 359, 363-364 (5th Cir. 1974)).

## III. Conclusion

Because Barham-Chavez has been deported, IT IS RECOMMENDED that the PETITION FOR WRIT OF HABEAS CORPUS [Docs. 1 and 5] be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

THUS DONE in Chambers on this 17th day of September, 2026.

DAVID J. AYO
UNITED STATES MAGISTRATE JUDGE